**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JESSIE LUNO, Individually and For Others Similarly Situated<br><br>v.<br><br>SEACOR MARINE PAYROLL MANAGEMENT LLC | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Jessie Luno (Luno) brings this collective action lawsuit to recover unpaid overtime wages and other damages from SEACOR Marine Payroll Management LLC (SEACOR) under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA).

2. Luno worked for SEACOR as a Crane Operator.

3. Like the Day Rate Workers (as defined below), Luno regularly worked more than 40 hours in a week.

4. But SEACOR never paid Luno and the Day Rate Workers overtime.

5. Instead, SEACOR paid Luno and the Day Rate Workers a flat amount for each day worked (a "day rate") without overtime compensation.

6. SEACOR never paid Luno or the Day Rate Workers on a "salary basis."

7. SEACOR's uniform day rate pay scheme violates the FLSA by depriving Luno and the Day Rate Workers of overtime pay when they work more than 40 hours in a workweek.

### JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

1

9. This Court has general personal jurisdiction over SEACOR because SEACOR maintains its headquarters in Houston, Texas.

10. Venue is proper because SEACOR maintains its headquarters in Houston, Texas, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

11. Luno worked for SEACOR as a Crane Operator from approximately March 2022 until March 2023.

12. Throughout his employment, SEACOR paid Luno a flat rate for each day he worked, regardless of the total hours he worked in a day or week and failed to pay him overtime ("day rate pay scheme").

13. Luno's written consent is attached as **Exhibit 1**.

14. Luno brings this action on behalf of himself and all other similarly situated SEACOR Crane Operators who were paid under its illegal day rate pay scheme.

15. SEACOR paid each of these workers a flat amount for each day worked and failed to pay them overtime when they worked more than 40 hours in a workweek in violation of the FLSA.

16. The Putative Collective of similarly situated employees is defined as:

> **All current and former SEACOR Crane Operators who were paid a day rate with no overtime at any time during the past 3 years ("Day Rate Workers" or "Putative Collective").**

17. The Day Rate Workers can be readily ascertained from SEACOR's business and personnel records.

18. SEACOR is a Delaware limited liability company that maintains its headquarters in Houston, Texas.

19. SEACOR may be served with process by serving its registered agent: **National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

## COVERAGE UNDER THE FLSA

20. At all relevant times, SEACOR was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, SEACOR was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all relevant times, SEACOR has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

23. At all relevant times, SEACOR has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, equipment, hardhats, cell phones/devices, personal protection equipment, etc.) that have been moved in or produced for commerce.

24. In each of the past 3 years, SEACOR has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

25. At all relevant times, Luno and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

26. SEACOR uniformly applied its policy of paying its Crane Operators, including Luno and the Day Rate Workers, a day rate with no overtime compensation.

27. SEACOR applied this policy regardless of any alleged individualized factors such as precise job position, client/project assignment, or geographic location.

28. As a result of SEACOR's uniform day rate pay scheme, Luno and the Day Rate Workers do not receive overtime in violation of the FLSA.

29.     SEACOR's uniform compensation scheme of paying Luno and the Day Rate Workers a day rate with no overtime wages for weeks in which these employees work over 40 hours is a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

30.     SEACOR bills itself as "[a] world leader in marine transportation [that] … offer[s] a comprehensive suite of transport support services for offshore energy facilities worldwide, … include[ing] crew transportation, platform supply, offshore accommodation, maintenance support, anchor handling and mooring capabilities, and liftboats."[1]

31.     To complete its business objectives, SEACOR hires Crane Operators (including Luno and the Day Rate Workers) to provide services to its marine industry clients.

32.     SEACOR uniformly pays its Crane Operators, including Luno and the Day Rate Workers, on a day rate basis (without overtime pay).

33.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

34.     For example, Luno worked for SEACOR as a Crane Operator from approximately March 2022 until March 2023.

35.     As a Crane Operator, Luno's primary job duties included operating cranes of liftboats jacked to platforms to transport personnel, supplies, and equipment back and forth between the liftboat and the dock, the liftboat and the worksite platform, the liftboat and other vessels, and within the liftboat itself.

36.     Throughout his employment, SEACOR paid Luno on a day rate basis (without overtime).

---

[1] https://seacormarine.com/about/ (last visited April 11, 2023).

37. Specifically, during his employment, SEACOR paid Luno a day rate of $375 for each day he actually worked, regardless of the number of hours he worked that day (or that workweek) and failed to pay him overtime compensation:

| PAY TYPE | DAYS / HOURS | RATE | PERIOD AMOUNT | YTD AMOUNT |
|---|---|---|---|---|
| Seaman Wages | 7.00 | 375.00 | 2,625.00 | 10,875.00 |
| SMHI Group Life Imp EE | | | 0.88 | 3.52 |

38. SEACOR uniformly paid Luno and the Day Rate Workers under its illegal day rate pay scheme that deprived these employees of overtime compensation when they worked more than 40 hours in a workweek.

39. SEACOR does not pay Luno and the Day Rate Workers a guaranteed salary.

40. Rather, SEACOR only pays Luno and the Day Rate Workers their set day rates for the actual days they worked.

41. If Luno and the Day Rate Workers did not work, they did not get paid.

42. Thus, Luno and the Day Rate Workers are not paid on a "salary basis." *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. ---, 143 S.Ct. 677, 685 (2023) ("Daily-rate workers, of whatever income level, are paid on a salary basis only through the test set out in § 604(b)"); *see also* 29 C.F.R. § 541.604.

43. SEACOR paid Luno and the Day Rate Workers on a day rate basis (without overtime).

44. Luno and the Day Rate Workers' day rates do not increase when they work more than 40 hours in a week.

45. Luno and the Day Rate Workers do not receive overtime pay when they work more than 40 hours in a week.

46. This is despite Luno and the Day Rate Workers often working 12+ hours a day, for up to 7 days a week.

5

47. Although Luno and the Day Rate Workers regularly worked 84+ hours/workweek, SEACOR never paid them overtime wages.

48. Luno and the Day Rate Workers work in accordance with the schedule set by SEACOR.

49. SEACOR knows Luno and the Day Rate Workers work 12+ hours a day, for up to 7 days a week.

50. SEACOR's records reflect the fact that Luno and the Day Rate Workers regularly work far in excess of 40 hours in certain workweeks.

51. Rather than receiving time and half as required by the FLSA, SEACOR pays Luno and the Day Rate Workers a day rate regardless of the number of hours they worked in a day or workweek, and even if they worked more than 40 hours in a workweek.

52. All of the Day Rate Workers perform similar job duties, work similar hours, and are denied overtime as a result of the same illegal pay practice (SEACOR's day rate pay scheme).

53. As Crane Operators, all of the Day Rate Workers' primary job duties included operating cranes of liftboats jacked to platforms to transport personnel, supplies, and equipment back and forth between the liftboat and the dock, the liftboat and the worksite platform, the liftboat and other vessels, and within the liftboat itself.

54. All of the Day Rate Workers work in excess of 40 hours each week and often work 84+ hours in a workweek.

55. SEACOR uniformly denies Luno and the Day Rate Workers overtime for the hours they work more than 40 hours in a workweek.

56. SEACOR's policy of paying Luno and the Day Rate Workers a day rate with no overtime compensation violates the FLSA because it deprives Luno and the Day Rate Workers of overtime for the hours they work in excess of 40 hours in a workweek.

57. SEACOR is aware, or should have been aware, that it was subject to the FLSA, including its overtime requirements.

58. SEACOR is aware, or should have been aware, that the FLSA required it to pay Luno and the Day Rate Workers overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

59. SEACOR is aware, or should have been aware, that Luno and the Day Rate Workers were non-exempt from the FLSA's overtime provisions and, therefore, entitled to overtime pay.

60. SEACOR is aware, or should have been aware, that Luno and the Day Rate Workers regularly worked more than 40 hours in a workweek because it expected and required these workers to do so.

61. SEACOR knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA.

62. Nonetheless, SEACOR did not pay Luno and the Day Rate Workers overtime when they worked more than 40 hours in a workweek in violation of the FLSA.

63. SEACOR knowingly, willfully, or in reckless disregard carried out this illegal day rate pay scheme that deprived Luno and the Day Rate Workers of overtime compensation in violation of the FLSA.

64. SEACOR's failure to pay overtime compensation to Luno and the Day Rate Workers was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

## COLLECTIVE ACTION ALLEGATIONS

65. Luno realleges and incorporates all other paragraphs by reference.

66. Luno brings his claim as a collective action under § 216(b) of the FLSA.

7

67. Numerous individuals were victimized by SEACOR's pattern, practice, and policy of paying its Crane Operators, including Luno and the Day Rate Workers, a day rate with no overtime for hours worked in excess of 40 hours in a workweek, which is in willful violation of the FLSA.

68. Numerous other Day Rate Workers worked with Luno and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

69. Based on his experience and tenure with SEACOR, Luno is aware that that the illegal practices SEACOR imposed on him were likewise imposed on the Day Rate Workers.

70. The Day Rate Workers are similarly situated in all relevant respects.

71. SEACOR's failure to pay Luno and the Day Rate Workers overtime wages at the premium rates required by the FLSA results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Day Rate Workers.

72. Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

73. Therefore, the specific job titles or precise job locations of the various members of the Putative Collective do not prevent collective treatment.

74. Rather, the Putative Collective is held together by SEACOR's uniform illegal day rate pay scheme that systematically deprived Luno and the Day Rate Workers of overtime wages when they worked in excess of 40 hours in a workweek.

75. Luno has no interest contrary to, or in conflict with, the Day Rate Workers.

76. Like each Day Rate Worker, Luno has an interest in obtaining the unpaid overtime wages owed to them under federal law.

77. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

78. Absent this collective action, many Day Rate Workers likely will not obtain redress for their injuries, and SEACOR will reap the unjust benefits of violating the FLSA.

79. Even if some of the Day Rate Workers could afford individual litigation against SEACOR, it would be unduly burdensome to the judicial system.

80. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the Putative Collective and provide for judicial consistency.

81. The questions of law and fact that are common to Luno and each Day Rate Worker predominate over any questions affecting solely the individual members.

82. Among the common questions of law and fact are:

   a. Whether SEACOR's illegal pay practices were applied uniformly across all Day Rate Workers;

   b. Whether Luno and the Day Rate Workers were exempt from overtime;

   c. Whether SEACOR's day rate pay scheme satisfies the salary basis test;

   d. Whether SEACOR's decision to not pay Luno and the Day Rate Workers overtime was made in good faith; and

   e. Whether SEACOR's violations of the FLSA were willful.

83. Luno's claims are typical of the claims of the Day Rate Workers.

84. Luno and the Day Rate Workers sustained damages arising out of SEACOR's illegal and uniform employment policies and practices.

85. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

86. Therefore, the issue of damages does not preclude collective treatment.

87. SEACOR is liable under the FLSA for failing to pay overtime to Luno and the Day Rate Workers.

88. Consistent with SEACOR's illegal pay policy, Luno and the Day Rate Workers were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

89. As part of its regular business practices, SEACOR intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Luno and the Day Rate Workers.

90. SEACOR's illegal day rate pay scheme deprived Luno and the Day Rate Workers of the premium overtime wages they are owed under federal law.

91. There are many similarly situated Day Rate Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

92. Notice of this lawsuit should be sent to the Day Rate Workers pursuant to 29 U.S.C. § 216(b).

93. Those similarly situated workers (the Day Rate Workers) are known to SEACOR, are readily identifiable, and can be located through SEACOR's business and personnel records.

### CAUSE OF ACTION
### VIOLATIONS OF THE FLSA

94. Luno realleges and incorporates all other paragraphs by reference.

95. Luno brings his FLSA claims as a collective action under 29 U.S.C. § 216(b).

96. As set forth herein, SEACOR violated, and is violating, the FLSA, 29 U.S.C. § 207, by employing non-exempt employees (Luno and the Day Rate Workers) in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating those non-exempt employees for their work

in excess of 40 hours per week at rates not less than 1.5 times the regular rates for which they were employed.

97. SEACOR knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Luno and the Day Rate Workers overtime compensation.

98. SEACOR's failure to pay overtime compensation to Luno and the Day Rate Workers was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

99. Accordingly, Luno and the Day Rate Workers are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

## JURY DEMAND

100. Luno demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Luno individually, and on behalf of the Day Rate Workers, seeks the following relief:

   a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Day Rate Workers allowing them to join this action by filing their written consent;

   b. An Order pursuant to Section 16(b) of the FLSA finding SEACOR liable for unpaid back wages due to Luno and the Day Rate Workers and for liquidated damages in an amount equal to their unpaid compensation;

   c. A Judgment against SEACOR awarding Luno and the Day Rate Workers all their unpaid overtime and other damages available under the FLSA;

   d. An Order awarding attorney's fees, costs, and expenses;

e.  Pre- and post-judgment interest at the highest applicable rates; and

f.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
TX Bar No. 24014780
Federal ID No. 27157
**Andrew W. Dunlap**
TX Bar No. 24078444
Federal ID No. 1093163
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Richard J. (Rex) Burch**
TX Bar No. 24001807
Federal ID No. 21615
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF
& PUTATIVE CLASS MEMBERS**